UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

NILHAN HOSPITALITY, LLC,      Case No.: 6:15-bk-03447-KSJ
    Chapter 11
     Debtor
_____/

In re:

ORLANDO GATEWAY PARTNERS, LLC,     Case No.: 6:15-bk-03448-KSJ
    Chapter 11
     Debtor.
_____/

# DEBTORS' JOINT PLAN OF REORGANIZATION

*/s/ Kenneth D. Herron, Jr.*
**Kenneth D. (Chip) Herron, Jr.**
Florida Bar No. 699403
**Wolff, Hill, McFarlin & Herron, P. A.**
1851 W. Colonial Dr.
Orlando, Florida 32804
Telephone:     (407) 648-0058
Fax:     (407) 648-0681
Primary e-mail:    kherron@whmh.com
Secondary e-mail: kmaples@whmh.com

Attorneys for the Debtors and Debtors in Possession

This Joint Plan of Reorganization is proposed by the Debtors, Nilhan Hospitality, LLC and Orlando Gateway Partners, LLC, pursuant to 11 U. S. C. §1121.

## ARTICLE 1 -- DEFINITIONS - INTERPRETATION

**1.01.** **Definitions**. For purposes of this Plan, the following definitions shall apply unless the context clearly requires otherwise:

a. Administrative Expense shall mean a cost or expense of administration of the Chapter 11 Case allowed under §§503(b) and 507(a)(2) of the Bankruptcy Code.

b. Allowed when used with respect to a Claim or Interest, shall mean a Claim or Interest (a) proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (i) as to which no objection has been filed by the Objection Deadline, unless such Claim or Interest is to be determined in a forum other than the Bankruptcy Court, in which case such Claim or Interest shall not become allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (ii) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order; (b) allowed by a Final Order; or (c) listed in the Debtor's schedules filed in connection with this Chapter 11 Case and not identified as contingent, unliquidated, or disputed.

c. Appeals means the appeals of the Judgments by the Debtors, et al., styled as Orlando Gateway Partners, LLC, etc. et al. v. SEG Gateway, LLC, etc., et al., Case No. 5D14-3962; and Chittranjan K. Thakkar, an Individual, et al. v. Good Gateway, LLC, etc., et al., Case No. 5D14- 3964, which are both pending in the Fifth District Court of Appeal for the State of Florida.

d. Bankruptcy Rules mean the Federal Rules of Bankruptcy Procedure, as amended, and as supplemented by the Local Rules of Practice and Procedure of the Bankruptcy Court, as amended.

e. Bar Date shall mean the dates fixed by order of the Bankruptcy Court by which a proof of Claim or Interest must be filed against the Debtors: August 3, 2015 for non-governmental units and 180 days from the Petition Date for governmental units.

f. Bankruptcy Code shall mean 11 U.S.C. §101 et seq., and any amendments thereto.

g. Bankruptcy Court shall mean the United States Bankruptcy Court, Middle District of Florida, Orlando Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

h. Business Day shall mean any day except Saturday, Sunday, or any legal holiday.

    i. <u>Chapter 11 Case</u> shall mean the above-referenced Chapter 11 reorganization cases of the Debtors pending in the Bankruptcy Court.

    j. <u>Claim</u> shall mean, as defined in §101(5) of the Bankruptcy Code: (a) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

    k. <u>Class</u> means a group of Claims of Interests substantially similar to each other as classified under this Plan.

    l. <u>Confirmation Date</u> shall mean the date of entry of the Confirmation Order.

    m. <u>Confirmation Order</u> shall mean the order entered by the Bankruptcy Court confirming the Plan.

    n. <u>Contested</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest that is not an Allowed Claim or Interest.

    o. <u>Disallowed</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest to the extent 14 days have expired since it has been disallowed by order of the Bankruptcy Court, unless proper application for a stay of such order has been made within such 14-day period, in which case the Claim or Interest shall be disallowed 30 days after entry of the order disallowing such Claim or Interest, unless prior to the expiration of such period, a stay is obtained with respect to the order disallowing the Claim or Interest.

    p. <u>Disclosure Statement</u> means the disclosure statement of the same date as this Plan that was filed by the Debtor and approved by the Bankruptcy Court pursuant to Bankruptcy Code Section 1125 and any amendments thereto, including all exhibits.

    q. <u>Distribution Date</u> when used with respect to each Claim or Interest shall mean as soon as practicable after the later of (a) the Effective Date, or (b) the first Business Day of the next calendar month after the date upon which the Claim or Interest becomes an Allowed Claim or Interest, unless the Claim or Interest becomes an Allowed Claim or Interest within fifteen days before the first Business Day of the next calendar month, in 0000000which case the Distribution Date shall be the first Business Day of the next succeeding calendar month.

    r. <u>Effective Date</u> shall mean: (a) if no stay of the Confirmation Order is in effect, then the date which a Business Day selected by the Debtor which is not more than thirty (30) days following the date of the Confirmation Order; or (b) if a stay of the Confirmation Order is in effect, then the date which is a Business Day selected by the Debtor which is not more than thirty (30) days following the date the stay is vacated or any appeal, rehearing, remand

or petition for certiorari is resolved in a manner that does not reverse or materially modify the Confirmation Order.

    s.    <u>Final Order</u> means an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with applicable law.

    t.    <u>Interests</u> means the equity interests in the Debtor.

    u.    <u>Objection Deadline</u> means the date by which objections to Claims and Interests must be filed with the Bankruptcy Court, which shall be 30 days after the Confirmation Date, unless otherwise extended by the Bankruptcy Court.

    v.    <u>Petition Date</u> shall mean April 20, 2015, the date on which the petitions for relief were filed in the Chapter 11 cases.

    w.    <u>Plan</u> shall mean this Chapter 11 plan, as amended or modified in accordance with the Bankruptcy Code.

    x.    <u>Priority Non-Tax Claim</u> shall mean a Claim entitled to priority pursuant to §§507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

    y.    <u>Priority Tax Claim</u> shall mean a Claim entitled to priority pursuant to §507(a)(8) of the Bankruptcy Code.

    z.    <u>Pro Rata Share</u> means the ratio that the amount of a particular Allowed Claim or Interest bears to the total amount of Allowed Claims or Interests of the same class, including Contested Claims or Interests, but not including Disallowed Claims or Interests, as calculated by the Debtor as of the Distribution Date.

    aa.    <u>Secured Claim</u> shall mean a Claim secured by a lien against property in which the Debtor has an interest, or which is subject to setoff under §553 of the Bankruptcy Code to the extent of the value (determined in accordance with §506(a) of the Bankruptcy Code) of the interest of the holder of such Claim in the Debtor's interest in such property or to the extent of the amounts subject to such setoff, as the case may be.

    bb.    <u>Unsecured Claim</u> means a Claim other than an Administrative Expense, a Priority Non-Tax Claim, a Priority Tax Claim, or a Secured Claim.

    **1.02.** **<u>Bankruptcy Code Definitions</u>**. Definitions in the Bankruptcy Code and Bankruptcy Rules shall be applicable to the Plan unless otherwise defined in the Plan. The rules of construction in Bankruptcy Code §102 shall apply to the Plan.

    **1.03.** **<u>Interpretation</u>**. Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the

same may be amended, waived, or modified from time to time.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.  As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations.

## ARTICLE 2 - CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01.** **General Rules of Classification**.  Generally, a Claim or Interest is classified in a particular Class only to the extent the Claim or Interest qualifies within the description of the Class, and is classified in another Class or Classes to the extent any remainder of the Claim qualifies within the description of such other Class.  If a Claim qualifies for inclusion in a more specifically defined Class, then the Claim shall be included only in the more specifically defined Class.  Notwithstanding anything contained herein to the contrary, if a Claim is not allowed, then the Debtor is not bound by any classification made or implied herein.

**2.02.** **Classification of Claims and Interests.**  Claims against and Interests in the Debtors will be classified and treated as follows, except to the extent otherwise agreed.  Additionally, there is a notation as to whether the Classes of Claims and Interests are Impaired or Unimpaired.

    A.    **Secured Claims**.

    1.    Class 1 - Allowed Secured Claim of Nilhan Financial.  This Class consists of the Allowed Secured Claim of Nilhan Financial, which is purportedly secured by a mortgage lien on real property owned by OGP, as reflected in Nilhan Financial's proof of claim (no. 10 in the OGP case).  Impaired.

    2.    Class 2 - Allowed Secured Claim of SummitBridge National Investments, IV, LLC.  This Class consists of the Allowed Secured Claim of SummitBridge, which is purportedly secured by mortgage liens on the Debtors' Real Property, as reflected in SummitBridge's proofs of claim (no. 9 in the Nilhan case and no. 11 in the OGP case).  Impaired.

    3.    Class 3 - Allowed Secured Claim of SEG Gateway, LLC.  This Class consists of the Allowed Secured Clam of SEG Gateway, LLC, which is purportedly secured by judgment liens on the Debtors' real property and the Debtors' personal property that is subject to execution, as reflected in SEG Gateway's proofs of claim (nos. 5 and 7 in the Nilhan case and 7 and 9 in the OGP case).  Impaired.

    4.    Class 4 - Allowed Secured Claim of Good Gateway, LLC.  This Class consists of the Allowed Secured Clam of Good Gateway, LLC, which is purportedly secured by judgment liens on the Debtors' real property and the Debtors' personal property that is subject to

execution, as reflected in Good Gateway's proofs of claim (nos. 4 and 6 in the Nilhan case and 8 and 10 in the OGP case).  Impaired.

      5.    Class 5 – Orange County Tax Collector (Nilhan) - 2014.  Class 5 consists of the Allowed Secured Claim of the Orange County Tax Collector for ad valorem property taxes owed by Nilhan related to the Nilhan Property for the 2014 tax year, as reflected in proof of claims nos. 2 and 4 in the Nilhan case.  Impaired.

      6.    Class 6 – Orange County Tax Collector (Nilhan) - 2015.  Class 6 consists of the Allowed Secured Claim of the Orange County Tax Collector for ad valorem property taxes owed by Nilhan related to the Nilhan Property for the 2015 tax year.  Unimpaired.

      7.    Class 7 – Orange County Tax Collector (OGP). Class 7 consists of the Allowed Secured Claim of the Orange County Tax Collector for ad valorem property taxes owed by OGP related to the OGP Property for the 2014 tax year, as reflected in proof of claims nos. 2, 3, 4 and 5 filed in the OGP case.  Impaired.

      8.    Class 8 – Orange County Tax Collector (OGP) - 2015. Class 8 consists of the Allowed Secured Claim of the Orange County Tax Collector for ad valorem property taxes owed by OGP related to the OGP Property for the 2015 tax year.  Unimpaired.

    **B.**    **Unsecured Claims.**

      1.    Class 9 – Allowed Unsecured Claims.  This Class consists of all Allowed Unsecured Claims *other than* the Allowed Unsecured Claims that the Court determines should be equitably subordinated under 11 U. S. C. §510.  Impaired.

      2.    Class 10 – Allowed Unsecured Claims that have been Equitably Subordinated.  This Class consists of the Allowed Unsecured Claims the Court has determined should be equitably subordinated under 11 U. S. C. §510.  Impaired.

    **C.**    **Equity Interests.**

      1.    Class 11 - Equity Interests in the Debtors.  This Class consists of any and all membership interests currently issued or authorized in the Debtors.  Impaired.

### ARTICLE 3 - ADMINISTRATIVE
### EXPENSE CLAIMS, U. S TRUSTEES FEES AND PRIORITY TAX CLAIMS

    **3.01**    **Administrative Expense Claims.**  Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    **3.02**    **Priority Tax Claims**.  Each holder of a priority tax claim shall be paid in full within thirty (30) days of the Effective Date.

**3.03** **United States Trustee Fees**.  All fees required to be paid by 28 U. S. C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date will be paid on the Effective Date.

### ARTICLE 4 - TREATMENT OF CLAIMS AND INTERESTS

**4.01** **Determination of Allowed Amounts.**  The Treatment prescribed for Claims and Interests in the following sections of this Article 4 shall in all events refer exclusively to the Allowed Amount of each respective Claim.  In the event the Allowed Amount of any Claim is not determined by agreement or otherwise prior to the Effective Date, then the treatment prescribed shall be deemed effective as of the date of the determination of such Claim by agreement or Final Order or as otherwise provided under the Plan.  Notwithstanding Confirmation of the Plan, the Reorganized Debtor reserves the right to object to any Claim (other than Claims deemed in the Plan to be Allowed Claims) for any reason authorized by applicable bankruptcy and non-bankruptcy law, as well as the right to assert that any such Claim includes amounts subject to equitable subordination or other equitable relief.

**4.02** **Treatment of Unimpaired Classes**.  Class 6 Orange County Tax Collector (Nilhan 2015) and Class 8 Orange County Tax Collector (OGP 2015) are unimpaired.  As to the claims in each of these Classes, the Orange County Tax Collector shall retain all liens securing the claims and the Plan leaves unaltered the legal, equitable and contractual rights with respect to the claims, including, but not limited to all rights afforded to the Orange County Tax Collector under Florida law.

**4.03** **Impaired Classes of Claims and Interests**.  Pursuant to Article 2, there are eleven (11) Classes of Claims and Interests.  The Classes and Interests that are Impaired shall be receive the following treatment.

    A.    **Secured Claims**.

    1.    <u>Class 1 - Nilhan Financial, LLC</u>.  This holder of the Allowed Secured Claim of Nilhan Financial, LLC shall receive the following treatment, with the amount of the Allowed Secured Claim being determined in the Adversary Proceeding 6:15-ap-00098-KSJ (the "Nilhan Financial Adversary").

In full satisfaction of its Allowed Secured Claim, Nilhan Financial shall retain its lien to the extent and priority determined by the Bankruptcy Court, and shall receive monthly payments of principal and interest, with interest accruing at 5%, amortized over 25 years, and a final maturity date 60 months after the Effective Date.

Provided that to the extent that Nilhan Financial's claim against OGP's property is determined to be an unsecured claim pursuant to 11 U. S. C. §506(a)(1), then the unsecured claim will be treated as a claim under Class 9.

Notwithstanding any of the foregoing, if the Court determines that any portion of Nilhan Financial's claim should be re-characterized as an equity contribution, then that portion of the Nilhan Financial claim, if any, shall be treated as an interest claim under Class 11.

2. <u>Class 2 - Allowed Secured Claim of Summit</u>. In full satisfaction of its Allowed Secured Claim, SummitBridge shall retain its lien on the Debtors' Real Property to the same extent and priority existing as of the Petition Date, and shall receive monthly payments of principal and interest, which shall accrue at 5%, based on a 20 year amortization schedule, and with final maturity date 36 months from the Petition Date; *provided*, that the Reorganized Debtor may pay the Class 2 Claim in full at any time prior to one year after the Effective Date and during such one year period the payoff amount of the Class 2 Claim shall be reduced by 5% of the total Allowed Claim amount as of such date. Payments will commence on the Effective Date.

3. <u>Class 3 - Allowed Secured Claims of SEG Gateway, LLC</u>. The Allowed Amount of the Class 3 Claim shall be as determined by final adjudication or other resolution of the Appeals. In full satisfaction of their Class 3 Claim, SEG Gateway, LLC shall retain its liens on the Debtors' Real and Personal Property to the extent and in the priority established by the Bankruptcy Court and shall be paid the Allowed Amount of their Claims within three (3) years after the date of final adjudication or other resolution of the Appeals in favor of the Debtors, with such Claims to accrue and be paid interest at 5% per annum. Provided, that payments shall not commence, and interest shall not accrue, until after final adjudication or other resolution of the Appeals.

4. <u>Class 4 - Allowed Secured Claims of Good Gateway, LLC</u>. The Allowed Amount of the Class 4 Claim shall be as determined by final adjudication or other resolution of the Appeals. In full satisfaction of their Class 4 Claim, Good Gateway, LLC shall retain its liens on the Debtors' Real and Personal Property to the extent and in the priority established by the Bankruptcy Court and shall be paid the Allowed Amount of their Claims within three (3) years after the date of final adjudication or other resolution of the Appeals in favor of the Debtors, with such Claims to accrue and be paid interest at 5% per annum. Provided, that payments shall not commence, and interest shall not accrue, until after final adjudication or other resolution of the Appeals.

5. <u>Class 5 – Orange County Tax Collector (Nilhan) - 2014</u>. Class 5 consists of the Allowed Secured Claim of the Orange County Tax Collector for ad valorem property taxes owed by Nilhan related to the Nilhan Property for the 2014 tax year. In full satisfaction of its Class 5 Claim, the Orange County Tax Collector shall retain its statutory lien on the Nilhan Property, and shall receive monthly payments of principal and interest, with interest accruing at the rate provided under Florida law, amortized over 20 years, and a final maturity date that is 48 months after the Petition Date. Payments will commence on the Effective Date.

6. <u>Class 6 – Orange County Tax Collector (OGP)</u>. Class 6 consists of the Allowed Secured Claim of the Orange County Tax Collector for ad valorem property taxes owed by OGP related to the OGP Property for the 2014 tax year. In full satisfaction of its Class 6 Claim, the Orange County Tax Collector shall retain its statutory lien on the OGP Property, and

shall receive monthly payments of principal and interest, with interest accruing at the rate provided under Florida law, amortized over 20 years, and a final maturity date that is 48 months after the Petition Date. Payments will commence on the Effective Date.

    B.    **Unsecured Claims**.

    1.    <u>Class 9 – Allowed Unsecured Claims</u>. Class 9 consists of all Allowed Unsecured Claims of the Debtors *other than* that portion, if any, of the Allowed Unsecured Claim of Nilhan Financial, which the Court determines should be equitably subordinated to other Allowed Unsecured Claims. In full satisfaction of their Allowed Class 8 Claims, Holders of Class 9 Claims shall be paid in full within one year from the Effective Date either (i) from the proceeds of the Causes of Action, or (ii) by Newco on the date that is one year after the Effective Date if either the proceeds of the Causes of Action are insufficient to pay all Class 9 Claims in full, or if the Causes of Action have not reached a final resolution within one year after the Effective Date (such payment by Newco, the "Class 9 Payoff").

    2.    <u>Class 10 – Allowed Unsecured Claim of Nilhan Financial</u>. Class 10 consists of that portion, if any, of the Allowed Unsecured Claim of Nilhan Financial, which the Court determines should be equitably subordinated to other Allowed Unsecured Claims. In full satisfaction of its Allowed Class 10 Claim, if any, Nilhan Financial shall receive the net proceeds of the Causes of Action after payment in full of all Class 9 Claims.

    C.    **Equity Interests.**

    1.    <u>Class 11 – Equity in the Debtors</u>. On the Effective Date, all Class 11 membership interests shall be extinguished.

## ARTICLE 5
## PROVISIONS FOR
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Reorganized Debtor shall have thirty (30) days after the Effective Date within which to assume or reject unexpired leases or executory contracts, after which time, if any unexpired lease or executory contract is not the subject of a filed motion to reject such lease or contract, then such unexpired lease or executory contract shall be deemed assumed by the Reorganized Debtor. It is the Debtor's position that the executory contracts listed on Schedule G - Executory Contracts and Unexpired Leases, filed by the Debtors pursuant to Rule 1007, are the only executory contracts to which the Debtors were a party as of the Petition Date. There are no monetary or nonmonetary defaults to cure.

## **ARTICLE 6 - MEANS FOR IMPLEMENTATION OF THE PLAN**

This Plan will be implemented as follows:

**6.01** **Substantive Consolidation**.  If not Ordered by the Court prior to the confirmation hearing, then on the Effective Date the Debtors' estates and all assets of the Debtors shall be substantively consolidated into Orlando Gateway Partners, LLC, as one Reorganized Debtor.

**6.02** **Equity Interests in the Reorganized Debtor.**  Membership interests in Reorganized Debtor shall be issued to a new investor ("New Investor") on the Effective Date, such that New Investor shall hold 100% of the issued and outstanding interests of the Reorganized Debtor.  Any party desiring to purchase the interests, shall deposit in escrow with the Debtors' attorneys, at or prior to the hearing on confirmation of the Plan, not less than $1,000,000.00 (the "Minimum Deposit").  Any party who timely makes the Minimum Deposit shall be deemed a Qualified Bidder.  If there is more than one Qualified Bidder, then the Qualified Bidders shall participate in an auction for the Interests to be conducted by the Court and on such terms and conditions as determined by the Court. The funds paid to the Reorganized Debtor by the New Investor for the equity interests shall be deemed capital contributions to the Reorganized Debtor.

**6.03** **Funding Plan Payments**.  Payments due under the Plan shall be funded from the funds generated during the Chapter 11 case, the capital contribution to the Reorganized Debtor by the New Investor, funds generated by the Reorganized Debtor from general operations after the Effective Date and any net funds generated from the Causes of Action.

**6.04** **Management and Control of Reorganized Debtor**.  The day-to-day operations of the Reorganized Debtor shall be overseen by New Investor, or its designee.

**6.05** **Continued Existence**.  The Reorganized Debtor will continue to exist after the Effective Date as a limited liability company in accordance with the laws of the State of Florida provided that the Debtors may be merged into Orlando Gateway Partners, LLC.

**6.06** **Amendment to Articles of Organization and Operating Agreement.**  The Articles of Organization and the Operating Agreement of the Reorganized Debtor shall be amended as necessary to satisfy the provisions of the Plan and Bankruptcy Code.

**6.07** **Revesting of Assets**.  The property of the Debtors' Bankruptcy Estates of the Debtor shall revest in Orlando Gateway Partners, LLC, as the Reorganized Debtor on the Effective Date, except as otherwise provided in the Plan.  On and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code.  As of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests, except as specifically provided in the Plan.

**6.08** **Assumption of Liabilities**. The liability for and obligation to make distributions required under the Plan, shall be assumed by the Reorganized Debtor, which shall have the

liability for and obligation to make all distributions of property under the Plan.

**6.09  Avoidance Actions.**  Causes of action that could be asserted by the Debtor pursuant to Bankruptcy Code §§542, 543, 544, 545, 547, 548, 549, 550, or 553 shall, except as otherwise provided in the Plan, be retained by the Debtor.  Any net recovery realized by a Debtor on account of such causes of action, shall be the property of the Debtor subject to distribution to creditors as provided in this Plan.

**6.10  11 U. S. C. §1146(a) and Loan or Transfer Documents**.  Pursuant to 11 U. S. C. §1146(a) the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax.  This Plan contemplates that the Debtor might (a) issue, transfer or deliver various notes and mortgages, (b) transfer its property to Acorn, or its designee, by way of a deed in lieu of foreclosure, and (c) that the Debtor might transfer its property by way of a sale, at which Acorn, or its designee, would be entitled to credit bid (collectively the "Plan Transactions").

### ARTICLE 7 -  PROVISIONS GOVERNING DISTRIBUTION

**7.01.  Pro Rata Distribution**.  Unless otherwise provided in the Plan, for any Class of Claims or Interests that is impaired, the holders of such Claims or Interests shall receive a Pro Rata Share of the property to be distributed to the Class under the Plan.  If, and when, Contested Claims or Interests in any such Class become Disallowed Claims or Interest, the Pro Rata Share to which each holder of an Allowed Claim or Interest in such Class is entitled, shall increase commensurately.  Accordingly, the Debtor, in its sole discretion, shall have the right to make or direct the making of subsequent interim distributions to the holders of Allowed Claims or Interests in such Class to reflect any increases in the Pro Rata Share.  In any event, as soon as practicable after all Contested Claims or Interests in any Class receiving Pro Rata Shares have become either Allowed or Disallowed, a final distribution shall be made to the holders of Allowed Claims or Interests in such Class to account for any final adjustment in the Pro Rata Share of such holders.

**7.02.  De Minimis Distributions**.  Notwithstanding any other provision of the Plan, there shall be no distribution of less than $20.00 on account of any Allowed Claim or Interest.  If the Plan contemplates multiple distributions then the distribution shall accrue, without interest, and will be distributed on account of the Allowed Claim or Interest if and when the amount to be distributed equals or exceeds $20.00.

**7.03.  Distribution Date**.  Unless otherwise specified in the Plan or by order of the Bankruptcy Court:

a. Property to be distributed to an impaired Class under the Plan shall be distributed on the Distribution Date.  Distributions to be made on the Distribution Date shall be deemed made on the Distribution Date if made on the Distribution Date or as soon as practicable thereafter, but in no event later than ten (10) Business Days after the Distribution Date.

b.  Property to be distributed under the Plan to a Class that is not impaired shall be distributed on the latest of: (i) the Distribution Date; and (ii) the date on which the distribution to the holder of the Claim or Interest would have been made in the absence of the Plan.

7.04.  **Disbursing Agent**.  The Debtor or such disbursing agent as the Debtor may employ, in its sole discretion, shall make all distributions required under the Plan.

7.05.  **Cash Payments**.  Cash payments made pursuant to the Plan shall be in U.S. funds, by check drawn against a domestic bank, or by wire transfer from a domestic bank.

7.06.  **Delivery of Distributions**.  Distributions and deliveries to holders of Allowed Claims and Interest shall be made at the addresses set forth on the proofs of Claim or Interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or Interest is filed or if the Debtor has been notified of a change of address).  If any distribution to a holder is returned as undeliverable, then no further distributions to such holder shall be made unless and until the Debtor is notified of the holder's then-current address, at which time all missed distributions shall be made to such holder, without interest.  All Claims for undeliverable distributions shall be made on or before the fifth anniversary of the Distribution Date.  After such date, all unclaimed property shall revert to the Debtor, and the claim of any holder with respect to such property shall be discharged and forever barred.

7.07.  **Time Bar to Cash Payments**.  Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of issuance thereof.  Requests for reissuance of any checks shall be made directly to the Debtor by the holder of the Allowed Claim with respect to which such check originally was issued.  Any claim in respect of such a voided check shall be made on or before the later of the fifth anniversary of the Distribution Date or ninety (90) days after the date of issuance of such check.  After such date, all claims in respect of void checks shall be discharged and forever barred.

## ARTICLE 8 - PROCEDURES FOR
## RESOLVING AND TREATING CONTESTED CLAIMS

8.01.  **Objection Deadline**.  Unless extended by the Bankruptcy Court, the Debtor shall file any objections to Claims or Interest no later than thirty (30) days after the Confirmation Date.

8.02.  **Prosecution of Objections**.  The Debtor shall have authority to file objections, litigate to judgment, settle, or withdraw objections to Contested Claims or Interests.  All professional fees and expenses incurred by the Debtor from and after the Confirmation Date, shall be paid in the ordinary course of business without further order of the Bankruptcy Court.

8.03.  **No Distributions Pending Allowances**.  No payments or distributions shall be made with respect to any Contested Claim or Interest unless and until all objections to such Claim or Interest are resolved and such Claim becomes an Allowed Claim or Interest.

**8.04.** **Escrow of Allocated Distributions**.  The Debtor shall withhold from the property to be distributed under the Plan, and shall place in escrow, amounts sufficient to be distributed on account of Contested Claims and Interest as of the Effective Date.  As to any Contested Claim, upon a request for estimation by the Debtor, the Bankruptcy Court shall determine what amount is sufficient to withhold in escrow pending Disallowance of the Claim or Interest.  The Debtor shall also place in escrow any dividends, payments, or other distributions made on account of, as well as any obligations arising from, the property withheld in escrow pursuant hereto, to the extent such property continues to be withheld in escrow at the time such distributions are made or such obligations arise.  If practicable, the Debtor may invest any cash it has withheld in escrow in a manner that will yield a reasonable net return, taking into account the safety of the investment.

**8.05.** **Distributions After Allowance**.  Payments and distributions from escrow to each holder of a Contested Claim or Interest, to the extent that such Claim or Interest ultimately becomes an Allowed Claim or Interest, shall be made in accordance with the provisions of the Plan governing the class of Claims or Interests to which the respective holder belongs.  As soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing such Claim or Interest becomes a Final Order, any property in escrow that would have been distributed prior to the date on which a Contested Claim or Interest became an Allowed Claim or Interest shall be distributed, together with any dividends, payments, or other distributions made on account of, as well as any obligations arising from, the property from the date such distributions would have been due had such Claim or Interest then been an Allowed Claim or Interest to the date such distributions are made.

**8.06.** **Distributions After Disallowance**.  If any property withheld in escrow remains after all objections to Contested Claims or Interests of a particular class have been resolved, then such remaining property, to the extent attributable to the Contested Claims or Interests, shall be distributed as soon as practicable in accordance with the provisions of the Plan governing the class of Claims or Interests to which the Disallowed Claim or Interest belong.

## ARTICLE 9 - DISCHARGE AND INJUNCTION

**9.01.** **Discharge of Claims Against the Debtor**. As of the Effective Date and pursuant to § 1141 of the Code, unless otherwise specified herein, the Debtors shall be discharged from any debt that arose before the Confirmation Date, and any debt of a kind specified in §§ 502(g), 502(h), and 502(i) of the Code, whether or not:

1. A proof of claim based upon such debt is filed or deemed filed under § 501 of the Code;

2. A Claim based upon such debt is allowed under § 502 of the Code; or

3. The Holder of a Claim or Interest based upon such debt has accepted the Plan.

*/s/ Kenneth D. Herron, Jr.*
**Kenneth D. (Chip) Herron, Jr.**
Florida Bar No. 699403
**Wolff, Hill, McFarlin & Herron, P. A.**
1851 W. Colonial Dr.
Orlando, Florida  32804
Telephone:     (407) 648-0058
Fax:                (407) 648-0681
Primary e-mail:     kherron@whmh.com
Secondary e-mail: kmaples@whmh.com
Nilhan Hospitality, LLC

## Certificate of Service

I hereby certify that on September 18, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Kenneth D. Herron, Jr.*
**Kenneth D. (Chip) Herron, Jr.**