ORDERED.

**Dated:  December 23, 2015**

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

ORLANDO GATEWAY                                       Case No.: 6:15-bk-03448-KSJ
PARTNERS, LLC,                                                                    Chapter 11

    Debtor.
_____/

**ORDER CONDITIONALLY APPROVING
DISCLOSURE STATEMENTS, SCHEDULING, HEARING
ON DISCLOSURE STATEMENTS AND CONFIRMATION
OF PLAN OF REORGANIZATIONS, FIXING TIME FOR FILING
FEE AND OTHER ADMINISTRATIVE EXPENSE APPLICATIONS AND
<u>FIXING TIME FOR FILING ACCEPTANCES OR REJECTIONS OF PLANS</u>**

# <u>Ballot Deadline is February 1, 2016</u>

    The Debtor filed a proposed Disclosure Statement (Docs. 78) and a plan of reorganization (Doc. 77) and creditors, Summitbridge National Investment IV LLC and Good Gateway, LLC and SEG Gateway, LLC (collectively the "Creditors") filed a proposed Disclosure Statement (Doc. 106) and a Plan of Reorganization (Docs. 107) in this Chapter 11 case pursuant to 11 U.S.C. § 1121 and Fed. R. Bankr. P. 3016.  It is

    **ORDERED**:

    1.    The Disclosure Statements are conditionally approved.

2.       <u>Combined Disclosure and Confirmation Hearing</u>. An evidentiary hearing will be held on **February 10, 2016, at 9:00 AM** in Courtroom 6A, 6th Floor, George C. Young Courthouse, 400 West Washington Street, Orlando, FL 32801 to consider and rule on the disclosure statements and any objections or modifications and, if the Court determines that the disclosure statements contain adequate information within the meaning of 11 U.S.C. § 1125, to conduct a confirmation hearing (the "Confirmation Hearing"), including hearing objections to confirmation, 11 U.S.C. § 1129(b) motions, applications of professionals for compensation, and applications for allowance of administrative claims.

3.       <u>Adjournment</u>. The hearing may be adjourned from time to time by announcement made in open Court without further notice.

4.       <u>Date for Accepting or Rejecting Plan</u>. Creditors and other parties in interest shall file with the clerk their written acceptances or rejections of the plan (ballots) no later than seven days before the date of the Confirmation Hearing.

5.       <u>Objections to Disclosure or Confirmation</u>. Any party desiring to object to one or both disclosure statements or to confirmation of one or both plans shall file its objection by **February 5, 2016**. The objecting party shall serve a copy of the objection at the same time it is filed on the debtor, counsel for the debtor, the trustee (if any), both counsel for the Creditors, and the United States Trustee.

6.       <u>Ballot Tabulation</u>. In accordance with Local Bankruptcy Rule 3018−1, the debtor shall file a ballot tabulation for its plan and Creditors shall file a ballot tabulation for their plan by **February 8, 2016**.

7.       <u>Service of Solicitation Package</u>. No later than fourteen (14) days after the date of service of this order, the debtor, through its counsel, shall serve by mail a solicitation package upon all creditors, equity security holders, administrative claim applicants, the trustee (if any), attorney for the creditor's committee (if any), each member of the creditors committee (if any), Internal Revenue Service, Post Office Box 21126, Philadelphia PA 19114, The Securities and Exchange Commission, Branch of Reorganization, 175 West Jackson Street, Suite 900, Chicago, Illinois 60604−2601, United States Trustee, 400 West Washington Street, Suite 1101, Orlando, Florida 32801, attorneys who have appeared in this case and on professionals who have been employed by the debtor or any official committee with the approval of the Court, and other parties in interest in the debtor's case as provided in Fed. R. Bankr. P. 3017(d). Counsel shall then promptly file a certificate of such service. For this purpose, counsel shall obtain from the clerk and use a current mailing matrix. The solicitation package shall be comprised of the Debtor and Creditors disclosure statements, the plans of reorganization, and ballot for accepting or rejecting the plan.

8.       <u>Administrative Claim Bar Date</u>.  All creditors and parties in interest that assert a claim against the debtor which arose after the filing of this case, including all attorneys, accountants, auctioneers, appraisers, and other professionals for compensation from the estate of the debtor pursuant to 11 U.S.C. § 330, must timely file applications for the allowance of such claims with the Court by **February 1, 2016** (the "Administrative Claims Bar Date"). The requirement to file applications for administrative claims shall not apply to claims that arise

after the Administrative Claims Bar Date. Any applications filed will be heard at the Confirmation Hearing if properly scheduled and noticed by the debtor. Any application not heard at the confirmation will be scheduled for hearing in the normal course.

9. <u>11 U.S.C. § 1111(b) Election</u>. An election pursuant to 11 U.S.C. § 1111(b) must be filed by **February 5, 2016**.

10. <u>Confirmation Affidavit</u>. The Debtor and the Creditors shall each file confirmation affidavits which shall contain the factual basis upon which each plan proponent relies in establishing that each of the requirements of 11 U.S.C. § 1129 of the Bankruptcy Code are met by **February 8, 2016**. The confirmation affidavits should be prepared so that by reading it the Court can easily gain an understanding of the significant terms of the plan of reorganization and facts of the case.

11. <u>Appropriate Attire</u>. You are reminded that Rule 5072−1(b)(16) of the Local Bankruptcy Code requires that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.

12. <u>Avoid delays at Courthouse security checkpoints</u>. You are reminded that Local Rule 5073−1 restricts the entry of cellular telephones and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

###

Attorney, Kenneth D. (Chip) Herron, Jr., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order.