**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re:<br>NILHAN HOSPITALITY, LLC<br><br>        Debtor.<br>_____/ | Case No.: 15-03447-KSJ<br><br>Chapter 11 |
| In re:<br>ORLANDO GATEWAY PARTNERS, LLC<br><br>        Debtor.<br>_____/ | Case No.: 15-03448-KSJ<br><br>Chapter 11 |

**JOINT EMERGENCY MOTION TO APPROVE**
**SECURED, POST-PETITION FINANCING TO PAYOFF**
**SUMMITBRIDGE NATIONAL INVESTMENT IV, LLC ("SBNI") AND FOR**
**EQUITABLE SUBROGATION OF NEW LENDER IN PLACE OF SBNI's POSITION**

The Debtors-in-possession, by and through their undersigned counsel request that the Court approve secured, post-petition financing for the DIP's and for an Order granting equitable subrogation of the new lender in place of SBNI's position and as grounds therefor states as follows:

    1.    SummitBridge National Investment IV, LLC ("SBNI") holds a secured position on certain parcels of real property owned by each DIP.

    2.    SBNI, which is dramatically over-secured, has driven up its attorneys' fees in these cases by filing its own Plan of Reorganization in each of these cases and recently, joined with certain creditors on a joint Plan of Reorganization.

    3.    SBNI has refused to sell the Promissory Notes and assign the mortgages to the new lender, which would streamline the process by allowing the transfer of the claims in these cases, which has caused the DIPs to incur additional time, effort and attorney's fees to bring this matter to the Court.

4. Since the proposal to transfer the Note and Mortgage to the new lender was geared to pay SBNI in full, per the loan documents, with no attempt to negotiate or reduce the payoff amount, the DIPs must surmise that SBNI must have ulterior motives in this case beyond being paid in full and questions whether its participation in the joint plan and/or the joint plan itself is proposed in good faith.

5. The Debtors have obtained a Letter of Intent ("LOI") from the new lender which is attached hereto.

6. The LOI proposes to loan the Debtor up to $5,600,000, an amount which is adequate to pay SBNI in full, a payment which SBNI is required to accept per the loan documents.

7. The lender asks only that it be entitled to equitable subordination of its claim such that it stands in the shoes of SBNI after payment is made. The lender would not prime other creditors, nor would the loan prejudice other creditors in terms of priority.

8. A review of the LOI reveals that not only do the proposed terms of the loan not prejudice the DIPs or their creditors, it gives the DIPs time and the ability to develop the DIPs' real property, and gives the DIPs additional funds to assist in the future development of the real property parcels. The additional funds are not vital to the DIPs going forward, they only go toward showing the reliance the new lender has in the development of the DIPs' properties. These additional funds to be advanced for development of the real property will not seek to prime the liens of other creditors or prejudice them in any way. The terms of the additional advances proposed for development will be outlined and characterized in amended plan to be proposed by the DIPs, and are not at issue at this time.

9. Approval of the Debtor's request is appropriate under 11 U.S.C. § 364(d)(1), as the DIP is unable to secure credit without offering a lien on the property of the estate that is subject to

the lien of SBNI, and equal to the lien of SBNI in priority. SBNI would be more than adequately protected, as its lien would be paid in full, and so allowing the loan to be made with the same priority as SBNI's claim would not change the equities of the claims priorities with regard to any creditor.

## EQUITABLE SUBROGATION IS APPROPRIATE

10. Subrogation is the substitution of one person to the position of another with reference to a legal claim or right. It is an equitable doctrine founded on the principles of equity and justice and is applied to prevent forfeiture and unjust enrichment. The doctrine of subrogation is generally invoked when one person has satisfied the obligations of another and equity compels that the person discharging the debt to stand in the shoes of the person whose claim has been discharged, thereby succeeding to the rights and priorities of the original creditor. E. Nat'l Bank v. Glendale Fed. Sav. & Loan Assn., 508 So.2d 1323, 1323 (Fla. 3d DCA 1987)

11. In order to assert an equitable subrogation claim, the subrogee must establish that:

(1) it made a payment to pay off a debt;

(2) it did not act as a volunteer;

(3) it was not primarily liable for the debt;

(4) the subrogee paid off the entire debt of the subrogor; and

(5) subrogation would not work any injustice to the rights of a third party. Amegy Bank Nat'l Ass'n v. Deutsche Bank Corp., 917 F. Supp. 2d 1228 (M.D. Fla. 2013) (citing Dade Cnty. Sch. Bd. v. Radio Station Wqba, 731 So.2d 638, 646 (Fla. 1999).

12. Rights enforced through equitable subrogation or an equitable lien must be the same as whatever rights were originally held. In re Aloisi, 261 B.R. 504, 506 (Bankr. M.D. Fla. 2001)

13. Under equitable subrogation, the person discharging the debt stands in the shoes of the person whose claim has been discharged, thereby succeeding to the rights and priorities of the original creditor. From this premise, it logically follows that if the subrogor has no rights or priorities against a specified third party, then the subrogee has nothing to inherit as against that third party. <u>Dade Cty. Sch. Bd. v. Radio Station Wqba</u>, 731 So. 2d 638, 640 (Fla. 1999)

14. Equitable Subrogation of the new lender in place of SNBI is appropriate in that no creditors or parties-in-interest will be prejudiced since SBNI already has a first priority position over all non-governmental claimants in these cases. The new lender would merely step into the shoes of SBNI, with no impact on creditors that are lower in priority or the unsecured creditors.

**WHEREFORE** Debtors-in-possession request that the Court approve secured, post-petition financing for the DIPs, granting equitable subrogation of the new lender in place of SBNI's position and granting any further and additional relief the Court deems just and prudent.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that on February 5, 2016 I caused a copy of the forgoing to be served by first class mail postage prepaid to all parties on the attached mailing matrix list who are not electronic Filing Users.

MARKARIAN FRANK WHITE-BOYD & HAYES
Proposed Attorneys for Debtors-in-Possession[1]
2925 PGA Blvd., #204
Palm Beach Gardens, FL  33410
(561) 626-4700
(561) 627-9479-fax

By: /s/Malinda L. Hayes
    MALINDA L. HAYES, Esq.
    Florida Bar No. 0073503

X:\WPDOCS\Client Matters\Orlando Gateway Partners\Joint motion to approve financing and for equitable subrogation of SummitBridge CLaim.docx

---

[1] An Emergency Motion to Substitute Counsel to authorize representation of the Debtor by Markarian Frank White-Boyd & Hayes is pending.