**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

ORLANDO GATEWAY PARTNERS, LLC

Case No. 6:15-bk-03448-KSJ
Chapter 11

_____Debtor._____ /

## MOTION TO CONVERT CHAPTER 11 CASE TO CASE UNDER CHAPTER 7 BY THE DEBTOR PURSUANT TO 11 U.S.C. § 1112(a)

**DEBTOR**, ORLANDO GATEWAY PARTNERS, LLC ("OGP"), by and through its undersigned Counsel, hereby files its Motion to Convert Chapter 11 Case to a case under Chapter Pursuant to 11 U.S.C. § 1112(a), as grounds therefor would state as follows:

1. Debtor seeks the Court's permission to convert its case to a case under chapter 7 of the Code.

2. Debtor seeks to convert to chapter 7 to prevent inequity to all parties involved in this case.

3. For the reasons more fully detailed in the Debtor's Objection to Confirmation of Good Gateway, LLC's, SEG Gateway, LLC's and SummitBridge National Investment IV, LLC's Joint Amended and Combined Plan of Reorganization for Nilhan Hospitality and Orlando Gateway Partners, LLC (ECF#154 – the "Objection"), the Debtor proposes to convert the case to chapter 7 such that the assets of the Debtor's bankruptcy estate may be equitably distributed.

4. As indicated in the Objection, Plan Proponents Good Gateway LLC and SEG Gateway LLC have proposed their Amended Plan in bad faith. The Amended Plan seeks to dissolve existing equity in the Debtor and to transfer that equity to a corporation controlled by Carson Good, who is presently in control of creditors SEG Gateway and Good Gateway, or in the alternative, to liquidate the property and pay the claims of SEG Gateway and Good Gateway in

full, regardless of the outcome of future court proceedings which may determine the SEG Gateway and Good Gateway's claims lower in priority and thus unsecured and regardless of the outcome of pending appeals of those Judgments. Despite proposing to pay themselves in full under any circumstances, the plan unfairly and in violation of the priorities of the Code, does not propose to pay Nilhan Financial in full, even if the Court finds Nilhan Financials claim to be superior in priority to that of Good Gateway and SEG Gateway.

5. The Creditor's Proposed Plan further provides that the Reorganized Debtor, which will be controlled by Good, shall have the ability to dismiss the pending appeals of the SEG Gateway and Good Gateway Judgments.

6. Additionally, the equity interests of SEG Gateway are now extremely uncertain and subject to dramatic change in short order, as the chapter 7 case of Steven Smith has been reopened to sell Mr. Smith's equity interest in a company that was (prior to an invalid, post-petition transfer to Good Gateway) the majority member of SEG Gateway. The chapter 7 Trustee in Mr. Smith's case is in the process of selling this equity interest, which is likely to result in proceedings to set aside the transfer of the assignment of Mr. Smith's interest to Good Gateway, and could then result in SEG Gateway and Good Gateway being at odds and in litigation against each other.

7. Under all applicable scenarios, creditor SummitBridge National Investment IV, LLC would be paid in full from the proceeds of the sale of the Debtors' property and thus would not be prejudiced by conversion. Both Plans under consideration provide for this full payment, and the creditor's Amended Plan provides for the payment within up to 180 days, which could easily be accomplished by a chapter 7 trustee.

8. The Amended Plan proposed by Good's entities, in agreement with SummitBridge, violates the priority rules of the Bankruptcy Code by proposing to pay Good Gateway and SEG Gateway in full, as secured or unsecured creditors, regardless of the outcome of pending litigation. A disinterested Chapter 7 Trustee would administer the estate in accordance with the priorities set

forth in the Code, after a full and fair examination of all pending litigation, without preference to the wishes of either insider or non-insider creditors.

9. There are no exceptions that would prevent the Debtor's right to convert to chapter 7 under § 1112(a)(1), (2) or (3) exist, and thus the Debtors' right to convert to to chapter 7 should be recognized absent any extreme circumstances, which do not exist in this case.

10. Bankruptcy Judges have authority to grant relief as needed to prevent abuse of the process and inequity in the system. Debtors respectfully argue that confirmation of the Amended Plan proposed by the moving creditors would result in an inequitable and unjust reallocation of equity and dismissal of legitimate appeals to the Creditor's claims, and ask that the Court appoint a disinterested chapter 7 Trustee to fairly administer the estate in conformance with the priorities set forth in the Bankruptcy Code.

11. Debtor has concurrently, with this Motion, paid the applicable conversion fee of $15.

**WHEREFORE**, Debtor respectfully requests an Order from this Court converting this Chapter 11 case to a case under Chapter 7.

**I HEREBY CERTIFY** that the foregoing Motion has been forwarded this 9th day of February, 2016, to all creditors and interested parties listed below.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

MARKARIAN FRANK WHITE-BOYD & HAYES
Proposed Attorneys for Debtor
2925 PGA Blvd., #204
Palm Beach Gardens, FL   33410
(561) 626-4700
(561) 627-9479-fax

By:   */s/Malinda L. Hayes*
MALINDA L. HAYES, ESQUIRE
Florida Bar No. 0073503

**Notice provided by Electronic Mail to:**
- Mariane L Dorris bknotice@lseblaw.com, mdorris@lseblaw.com; mniquette@lseblaw.com
- Malinda Hayes malinda@fwbpa.com, mlhbnk@gmail.com
- Kenneth D Herron, Jr kherron@whmh.com, kmaples@whmh.com;herronecfs@gmail.com; cbunch@whmh.com
- Todd M Hoepker toddhoepker@hoepkerlaw.com
- Jon E Kane jkane@mateerharbert.com, aplayer@mateerharbert.com
- Timothy S Laffredi on behalf of U.S. Trustee United States Trustee - ORL timothy.s.laffredi@usdoj.gov
- Keith R Mitnik   kmitnik@forthepeople.com
- John A. Moffa    John@moffa.law, atty_ellison@trustesolutions.com;allusers@moffa.law
- Harley E Riedel   hriedel.ecf@srbp.com, srbpecf@srbp.com
- Richard A Robinson rrobinson@reedsmith.com
- Jason A Rosenthal jason@therosenthallaw.com, jmorando@therosenthallaw.com
- R Scott Shuker bknotice@lseblaw.com, rshuker@lseblaw.com;jocasio@lseblaw.com
- Gregory D Snell    gsnell@foley.com, jmiller@foley.com
- Clay M Townsend ctownsend@forthepeople.com, iwolfgramm@forthepeople.com
- United States Trustee - ORL USTP.Region21.OR.ECF@usdoj.gov

**Notice provided by U.S. Mail to:**
Orlando Gateway Partners, LLC
5100 Peachtree Industrial Blvd.
Norcross, GA 30071

Hari Garhwal
Garhwal, Chan & Williams
350 California St #1990
San Francisco, CA 94104

Larry S. Hyman
P.O. Box 18625
Tampa, FL 33679

Terry Soifer
2100 Lee Road Ste F
Winter Park, FL 32789

All creditors and interested parties of on this Court's mailing matrix/list of creditors as attached hereto.
X:\WPDOCS\Client Matters\Orlando Gateway Partners\Pleadings\NOTICE.Convert Case Under Chapter 11 To Chapter 7.Docx