UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re

ORLANDO GATEWAY PARTNERS, LLC,     Case Number 6:15-bk-03448-KSJ
                                   Chapter 7
　　Debtor.
_____/

## MOTION FOR AUTHORIZATION TO OPERATE BUSINESS

Emerson C. Noble, chapter 7 trustee (the "Trustee"), by and through his undersigned attorney, pursuant to 11 U.S.C. § 721, hereby moves this Court to authorize the operation of the businesses of the debtor for a period of up to five months and says:

1. Orlando Gateway Partners, LLC, debtor herein, (the "Debtor"), filed a voluntary petition under Chapter 11 of Title 11, United States Code in this Court on April 20, 2015 (Doc. No. 1)[1].

2. The Debtor owns four (4) parcels of real property located in Orange County, Florida described as follows[2]:

　　a. 7200 N. Frontage Road, Orlando, Florida 32812 (Parcel No. 28-23-30-6331-00-010) – DOR Code Description – Vacant Commercial;

　　b. 7855 N. Frontage Road, Orlando, Florida 32812 (Parcel No. 28-23-30-6331-00-040) – DOR Code Description – Office Buildings;

---

[1] A similar motion is being filed in the related chapter 7 case of Nilhan Hospitality, LLC (Case No. 6:15-bk-03447-KSJ).
[2] See Doc. No. 22; Page 3.

{37544641;2}

      c.  Shadowridge Drive, Orlando, Florida (Parcel No. 28-23-30-6332-01-000) – DOR Code Description – Vacant Commercial; and

      d.  Gateway Village Circle, Orlando, Florida 32812 (Parcel No. 28-23-30-6332-02-000) – DOR Code Description – Sign Sites.

The "Properties".

3. The case was converted to chapter 7 by order of this Court entered on February 10, 2016 (Doc. No. 166).

4. Emerson C. Noble was appointed as interim trustee pursuant to the Notice of the Conversion of Case from Chapter 11 to Chapter 7 filed on February 10, 2016 (Doc. No. 167).

5. The Properties include vacant commercial parcels, office buildings and sign sites.

6. The business operations of the Debtor includes non-residential leases with tenants including the following: (a) Clear Channel; (b) Sixt Rent A Car, LLC.

7. The Debtor's business included the management and maintenance of the Properties.

8. The operation of the business is necessary to maintain the Properties and allow for the tenants to continue business operations thereon in accordance with their respective non-residential real property leases.

9. The Trustee believes that the continued and uninterrupted operation of the business allows for the Properties to retain their maximum value for the benefit of the chapter 7 estate.

10. The Trustee further believes that the marketing and sale of the Properties will be maximized only if the business continues its operations and the tenants remain at their current business locations on the premises. The rental income is approximately $23,000 monthly. The operating expenses shown on the attached **Exhibit A** are approximately $9,000 monthly.

11. In the absence of authorization to operate, the Trustee would be required to cease operations of the business which may result in the diminution of the value of the Properties and additional claims to the estate.

12. The Trustee believes that an extension of time to operate for a period of up to five months from February 11, 2016 is sufficient to allow the Trustee to sell the Properties in this case and maximize the distribution to the estate's creditors.

13. The Trustee reserves the right to seek an extension of time to continue operating the business after the five month operating period expires and will seek an extension of time prior to the expiration of the five month operating period if such an extension of time is deemed necessary.

WHEREFORE, the Trustee moves this Court to enter its order as follows: (a) granting this motion; (b) authorizing the Trustee to continue to operate the business of the Debtor for a period of up to five months from February 11, 2016 through July 10, 2016 and to pay the estimated expenses on the attached Exhibit A; (c) hearing this motion, if this Court deems a hearing necessary, on an emergency/expedited basis (estimated time: fifteen minutes); and (d) for such further relief as this Court deems just and reasonable.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by CM/ECF this 15th day of February, 2016 to:  **Attorney for the Debtor:**  Melinda Hayes, Attorney at Law, Frank White-Boyd, P.A., 11382 Prosperity Farms Road, Suite 230, Palm Beach Gardens, Florida 33410; and **UST:** United States Trustee's Office, c/o Timothy S. Laffredi, Esquire, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, Florida 32801, and all other parties who have requested notice and on February 16, 2016 by first-class United States Mail to **Debtor:**  Orlando Gateway Partners, LLC, c/o Managing Agent, 5100 Peachtree Industrial Boulevard, Norcross, Georgia 30071.

DATED:  February 15, 2016

Respectfully submitted,

*/s/ Jules S. Cohen*
Jules S. Cohen, Esquire
Florida Bar Number: 014520
Esther McKean, Esquire
Florida Bar Number: 28124
**AKERMAN LLP**
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 843-7860
Fax: (407) 843-6610
Email: jules.cohen@akerman.com
Email: esther.mckean@akerman.com
Attorneys for Trustee