UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

ORLANDO GATEWAY PARTNERS, LLC,

Case No. 6:15-bk-03448-KSJ
Chapter 7

Debtor.
_____/

**LIMITED OBJECTION OF SUMMITBRIDGE NATIONAL INVESTMENTS IV LLC TO TRUSTEE'S MOTION FOR AUTHORIZATION TO OPERATE BUSINESS**

SummitBridge National Investments IV LLC ("SummitBridge"), by and through its undersigned attorneys hereby file this Limited Objection to the Trustee's Motion for Authorization to Operate Business and respectfully avers as follows:

1. The Trustee in the above-captioned case has filed the Motion for Authorization to Operate Business (the "Operations Motion"). In the Operations Motion, the Trustee seeks authority to operate the businesses owned by the above-captioned bankruptcy estates. SummitBridge does not oppose the request in the Operations Motion that the Trustee operate the businesses.

2. The Operations Motion, nonetheless, seeks more than just authority to operate businesses. Even though there is no mention whatsoever of cash collateral or adequate protection, the Operations Motion also seeks the use of cash collateral.

3. The Operations Motion contains a budget for disbursements, but proposes no adequate protection. In the four other cash collateral orders entered in these cases prior to

conversion, SummitBridge received, adequate protection in the form of, among other things, replacement liens and monthly cash payments.

4. Each of the four cash collateral orders entered in these cases prior to conversion also contains the following language:

> <u>Without Prejudice</u>. This Order is without prejudice to: (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral; or (b) any other right or remedy which may be available to the Secured Creditors. SummitBridge asserts that the rents collected by the Debtor do not constitute cash collateral of the Debtor and are not property of the Debtor's bankruptcy estate. Nothing in this Order shall be considered or otherwise construed as a finding that the rents or any other property constitute cash collateral or property of the Debtor's bankruptcy estate. The entry of this Order and the terms of this Order are without prejudice to SummitBridge's right to assert its interest in the rents or any other property, and that the rents or any other property do not constitute cash collateral or property of the Debtor's bankruptcy estate.

5. SummitBridge contends that the rents received by the estates are not property of the estates because its predecessor in interest, BB&T, properly exercised its rights with respect to rents under the applicable loan documents and 697.07 of the Florida Statutes.

6. In any event, rather than litigating this issue at this time, SummitBridge would rather seek consensus on the use of the rents along the lines of the cash collateral orders entered in this case prior to conversion. Accordingly, SummitBridge requests the Bankruptcy Court continue the Operations Motion to the extent that it seeks the use of cash collateral, and schedule a hearing on cash collateral use for some time in the second half of March.

7. To facilitate that end, and to provide adequate time for the Trustee to evaluate the situation and discuss the issues with impacted creditors, SummitBridge has requested that the

Trustee agree not to proceed with any requested cash collateral use until after another hearing to be scheduled on or after March 15, 2016.

8. The continuation of the hearing on the Operations Motion to the extent that it seeks cash collateral use that SummitBridge requested will protect the interests of all interested parties because (i) Terry Soifer has been authorized to make all necessary February disbursements, and (ii) there is no emergency need to make disbursements prior to the end of March except for, perhaps, based on conversations with Mr. Soifer, payments to utilities and insurers which SummitBridge will consent to upon terms similar to the cash collateral orders entered while this case was in Chapter 11.  The additional time will afford the Trustee and SummitBridge (i) the time necessary to attempt to seek to avoid the time and expense associated with litigation that may prove to be unnecessary and to reach an agreement on the use of cash collateral and adequate protection, or (ii) if no agreement is reached, to prepare for an orderly hearing on the use of cash collateral.

9. Accordingly, SummitBridge requests that the Bankruptcy Court continue the Operations Motion to the extent that it seeks the use of cash collateral, and schedule a hearing on cash collateral use for some time in the second half of March.

Dated:  February 18, 2016        By:    /s/ Richard A. Robinson
                                        Richard A. Robinson (Florida Bar No. 41238)
                                        REED SMITH LLP
                                        1201 Market Street, Suite 1500
                                        Wilmington, DE 19801
                                        Telephone: (302) 778-7500
                                        Facsimile: (302) 778-7575
                                        E-mail: rrobinson@reedsmith.com

                                        Counsel for SummitBridge National
                                        Investments IV LLC

- 4 -

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed by CM/ECF on February 18, 2016, and that an electronic copy will be furnished to: **Attorney for Chapter 7 Trustee**:  Jules S. Cohen, Akerman LLP, P.O. Box 231, Orlando, FL 32802-0231; **Attorney for the Debtor:** Melinda Hayes, Attorney at Law, Frank White-Boyd, P.A., 11382 Prosperity Farms Road, Suite 230, Palm Beach Gardens, Florida 33410; and **UST:** United States Trustee's Office, c/o Timothy S. Laffredi, Esquire, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, Florida 32801, and to all other parties who have requested notices in this case and by first-class United States Mail, postage prepaid to **Debtor:**  Orlando Gateway Partners, LLC, c/o Managing Agent, 5100 Peachtree Industrial Boulevard, Norcross, Georgia 30071.

        By:    /s/ Richard A. Robinson
                Richard A. Robinson (Florida Bar No. 41238)